```
                                              FILED
                                         U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF LA

                                          2001 APR -5 PM 4:51

                                           LORETTA G. WHYTE
                                                CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN PADGETT | * | CIVIL ACTION NO.: 00-0278 |
| VERSUS | * | SECTION "C" |
| PARKER DRILLING OFFSHORE, ET AL | * | MAGISTRATE (1) |

### NOTICE OF INJUNCTION

Please take notice of the attached Order of Injunction.

Respectfully submitted,

_____
JOHN E. GALLOWAY (5892)
KIMBERLY G. ANDERSON (24279)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, Suite 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
Attorneys for Paradigm Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all known counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, this 5 day of April, 2001.

_____
JOHN E. GALLOWAY

```
___Fee_____
___Process____
 X /Dktd_____
 / _CtRmDep___
    Doc.No.___
```

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT COURT |
| | ) SS. | |
| COUNTY OF MARION | ) | CAUSE NO. 49C01-0103-MI-000617 |

SALLY B. McCARTY, as the Insurance )
Commissioner of the Department of )
Insurance of the State of Indiana, )
)
        Petitioner, )
)
v )
)
PARADIGM INSURANCE COMPANY, )
)
        Respondent. )

FILED
MAR 22 2001
CLERK OF THE
MARION CIRCUIT COURT

## ORDER FOR
## INJUNCTIVE AND OTHER RELIEF

On the 21st day of March, 2001, Indiana Insurance Commissioner Sally B. McCarty, as the Rehabilitator of Paradigm Insurance Company ("Paradigm"), filed a Verified Petition For Injunctive and Other Relief in the above captioned matter ("Petition") Having considered the Petition, other filing and Orders in this proceeding and being duly advised, the Court finds that: the kinds of actions or proceedings described in paragraphs 6, 7 and 8 of the Petition constitute an interference with the receivership proceedings in this Court; that an injunction should be entered to prevent the commencement, prosecution or further prosecution or the taking of any and all such actions or proceedings; and that the other relief as requested in the Petition should also be granted

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that:

    (A)  Paradigm's policyholders, insureds, creditors, shareholders, agents. brokers, reinsurers, ceding companies, reinsurance treaty holders, affiliates and all other persons are hereby enjoined from

MAR 23 2001

(1) the commencement, prosecution or further prosecution of any suit, action or other proceeding against or involving Paradigm or the Rehabilitator in the nature of a class action under Rule 23 of the Federal Rules of Civil Procedure, or any comparable state or federal procedure or equitable law, rule or doctrine;

(2) the commencement, prosecution or further prosecution of any suit, action or other proceeding, on behalf of, in the name of, or against or involving Paradigm or the Rehabilitator in the nature of a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure, or any comparable state or federal procedure or equitable law, rule or doctrine;

(3) the commencement, prosecution or further prosecution of any suit, action or other proceeding against or involving Paradigm or the Rehabilitator, by way of original claim, third party claim, joinder or otherwise (or by way of a claim against an insured of Paradigm as to which Paradigm may be obligated to defend or pay a judgment) which seeks any one or more of the following kinds of relief against Paradigm or the Rehabilitator, whether solely or in the alternative and whether joint, several or joint and several with respect to one or more other defendants.

(i) money damages;

(ii) punitive damages;

(iii) appointment of a receiver, trustee, referee, master or other similar court officer;

(iv) mandatory or prohibitive injunction or restraining order;

(v) specific performance;

(vi) imposition of a constructive trust or equitable lien;

2

528098

(vii) specific performance, rescission or similar relief arising from the issuance of any insurance product of Paradigm or the entering into any contract by or with Paradigm, or

(viii) declaratory relief as to liability in the nature of any of the foregoing;

(4) the obtaining of a preference, judgment, attachment, garnishment or lien against Paradigm or its property or assets, or any part thereof, wherever located, or the levying of execution against Paradigm or its property or assets, or any part thereof, wherever located, or the repossession of the property or assets of Paradigm, or any part thereof, wherever located, or the commencement, prosecution or further prosecution of any suit, action or proceeding having any such purpose or effect;

(5) the transfer, waste or disposition of the bank accounts or any other property or assets of Paradigm, the transaction of any business of Paradigm without the approval of the Rehabilitator, or the withholding from the Rehabilitator of the books, accounts, documents, data processing and computer information, or other records relating to the business of Paradigm;

(6) the making of any sale or deed for nonpayment of taxes or assessments that would lessen the value of Paradigm; and

(7) any other threatened or contemplated action that might lessen the value of Paradigm's assets or prejudice the rights of policyholders, insureds, creditors, shareholders, agents, brokers, reinsurers, ceding companies or reinsurance treaty holders or the administration of this proceeding under Ind. Code 27-9;

3

525098

(B) All persons desirous of commencing, prosecuting or further prosecuting any suit, action or proceeding described in paragraph (A) above, are ordered to do so in this Court as part of this Receivership proceeding or, in the alternative, to seek the leave of this Court, with prior notice to the Rehabilitator and her counsel, to institute or prosecute such actions or proceedings elsewhere;

(C) All secured parties, pledgees, lien holders, collateral holder or other persons claiming a secured, priority or preferred interest in any property or assets of Paradigm, are hereby enjoined from taking any steps whatsoever to transfer, sell, encumber, attach, dispose of or exercise purported rights in or against any property or assets of Paradigm, without the prior written approval of the Rehabilitator;

(D) This Order is subject to Ind Code 27-9-1-1, et seq., and is without prejudice to the rights of any person: (a) to request that a suit, action or proceeding described in paragraph (A) above be dismissed with or without prejudice or stayed; (b) to take any action directed toward such a dismissal or stay; or (c) to assert any claim against Paradigm or the Rehabilitator in this action, and

(E) The Rehabilitator is hereby authorized to employ, or continue the employment of, appropriate special or local legal counsel to represent the interests of Paradigm, its insureds and/or the Rehabilitator, all upon such terms and conditions as the Rehabilitator considers necessary, and to pay for such counsel out of the funds or assets of Paradigm.

DATED 3/22/01

_____
JUDGE, Marion Circuit Court

4

528098

COPIES TO:

Donald J. Graham, Esq
BINGHAM SUMMERS WELSH & SPILMAN
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

Paradigm Insurance Company
9000 Wessex Place, Suite 300
Louisville, KY 40222

Queensway Financial Holdings Limited
90 Adelaide St. West, Suite 500
Toronto, Ontario M5H-3V9
Canada
        -and-
Queensway Financial Holdings Limited
28819 Franklin Road, Suite 300
Southfield, MI 48034

5

528095

MAR 26 '01 09:04 FR BINGHAM SUMMERS 317 236 9907 TO P.06
MAR-27-01 TUE 11:07 AM P.06